**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ewa Adamek,<br><br>             Plaintiff,<br><br>v.<br><br>Richard Gray, et al.,<br><br>             Defendants. | No. CV-21-01335-PHX-DJH<br><br>**ORDER** |

Pending before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Cost (Doc. 2). Upon review, Plaintiff's Application, signed under penalty of perjury, indicates that Plaintiff is financially unable to pay the filing fee. The Court will grant Plaintiff's Application and allow Plaintiff to proceed *in forma pauperis* ("IFP"). Pursuant to 28 U.S.C. § 1915(e)(2), the Court will proceed to screen Plaintiff's Complaint (Doc. 1).

When a party has been granted IFP status, the Court must review the complaint to determine whether the action:

   (i) is frivolous or malicious;

   (ii) fails to state a claim on which relief may be granted; or

   (iii) seeks monetary relief against a defendant who is immune from such relief.

*See* 28 U.S.C. § 1915(e)(2)(B).[1]  In conducting this review, "section 1915(e) not only

---

[1] "While much of § 1915 outlines how prisoners can file proceedings *in forma pauperis*, §1915(e) applies to all *in forma pauperis* proceedings, not just those filed by prisoners."

permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted).

### I. Jurisdiction

The Court must determine whether it has the power, or "subject-matter jurisdiction," to hear this case. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). If the Court does not have the power to hear this case, then it must dismiss Plaintiff's Complaint. *See id.* The Court's subject-matter jurisdiction is limited, and it can only hear two kinds of cases. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). First, it may hear civil actions arising under federal causes of action, such as when a defendant is alleged to have violated a federal law. 28 U.S.C. § 1331. This type of jurisdiction is called "federal-question jurisdiction." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). Second, it may hear civil actions in which the parties are from different states and the amount in controversy is greater than $75,000. 28 U.S.C. § 1332. This is called "diversity jurisdiction." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

The Complaint does not show the Court has federal-question jurisdiction or diversity jurisdiction. The Complaint is brought against Defendant Dr. Richard Gray, the CEO of an Arizona hospital, and alleges that Plaintiff suffered several infections after undergoing cancer-related surgery. (Doc. 1). Although the Complaint alleges that the Court has federal question jurisdiction under 28 U.S.C. § 1331, (*Id.* at 3), Plaintiff's Complaint appears to bring a medical malpractice claim, which is a state cause of action. *See* A.R.S. § 12-562. Although Plaintiff may bring this state claim before state court, she may not do so here in federal court unless she also brings a federal claim. *See* 28 U.S.C. § 1331. In addition, the Court lacks diversity of citizenship jurisdiction because both Plaintiff and Defendant are alleged to be citizens of the same state. *See* 28 U.S.C. § 1332.

---

*Long v. Maricopa Cmty. College Dist.*, 2012 WL 588965, at *1 (D. Ariz. Feb. 22, 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126 n. 7 (9th Cir. 2000) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints[.]"); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.") (citation omitted). Therefore, section 1915 applies to this non-prisoner IFP complaint.

Because the Court has no jurisdiction over this action, the Complaint fails to state a claim this Court may hear and must be dismissed. Fed. R. Civ. P. 8(a)(1).

**II.    Leave to Amend**

Unless it is "'absolutely clear' that [Plaintiff] could not cure [the Complaint's] deficiencies by amendment," the Court will grant her the opportunity to do so. *See Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) (citations omitted); *see also Lopez*, 203 F.3d at 1131 (en banc) (internal quotation marks and citations omitted) (holding that a pro se litigant must be given leave to amend his complaint "if it appears at all possible that the plaintiff can correct the defect" in the complaint); Fed. R. Civ. P. 15(a)(2) (leave to amend should be "freely" given "when justice so requires[]").

If Plaintiff believes she can amend her Complaint to show that the Court has jurisdiction, then she may file an amended complaint within **thirty (30) days** from the date of entry of this Order. Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." This complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference. If Plaintiff files an amended complaint, **she must take care to clearly state the grounds for this Court's jurisdiction, either by bringing a federal cause of action or by showing how the Court may exercise its diversity jurisdiction**. *See* Fed. R. Civ. P. 8(a)(1).

Plaintiff's amended complaint should follow the form detailed in Rule 7.1 of the Local Rules of Civil Procedure ("LRCiv"). Examples of different types of complaints demonstrating the proper form can be found in the appendix of forms that is contained with the Federal Rules of Civil Procedure (forms 11–21).[2] Each claim or cause of action must be set forth in a separate count. The Court recommends Plaintiff review the information available in the District Court's Handbook for Self-Represented Litigants, which is available online.[3] Plaintiff should also be aware that "an amended complaint supersedes

---

[2] Those forms as well as the Federal Rules of Civil Procedure and the Local Rules, as well as other information for individuals filing without an attorney may be found on the District Court's internet web page at www.azd.uscourts.gov/.

[3] The Handbook may be found at http://www.azd.uscourts.gov/handbook-self-represented-litigants.

- 3 -

the original complaint and renders it without legal effect[.]" *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc).  Thus, after amendment, the Court will treat an original complaint as nonexistent. *Id.* at 925.

### III.   Warning

Plaintiff is advised that if she elects to file an amended complaint but fails to comply with the Court's instructions explained in this Order, the action will be dismissed pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)).  If Plaintiff fails to prosecute this action, or if she fails to comply with the rules or any court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rule of Civil Procedure. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Accordingly,

**IT IS HEREBY ORDERED** that the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) is dismissed with leave to file a First Amended Complaint within **thirty (30) days** of the date this Order is entered.

**IT IS FURTHER ORDERED** that if Plaintiff does not file a First Amended Complaint within **thirty (30) days** of the date this Order is entered, the Clerk of Court shall dismiss this action without further order of this Court; and

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**IT IS FINALLY ORDERED** that if Plaintiff elects to file a First Amended Complaint, it may not be served until and unless the Court issues an Order screening the amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

Dated this 3rd day of August, 2021.

Honorable Diane J. Humetewa
United States District Judge